IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTY PORTER                                                                               PLAINTIFF

V.                                               NO. 15-5148

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Christy Porter, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income benefits (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff filed her current applications for DIB and SSI on August 15, 2012, alleging an inability to work since March 1, 2011, due to a back injury and bladder problems. (Tr. 49-50, 182-191, 215, 219). An administrative hearing was held on September 16, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 30-48).

By written decision dated November 22, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – low back pain and status post L5-S1 fusion. (Tr. 15). However, after reviewing all of the

evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). (Tr. 18). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be able to perform her past relevant work as a car rental clerk and bar tender. (Tr. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on May 11, 2015. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary

2

outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920   Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. See McCoy

3

v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R.§§ 404.1520, 416.920 abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R.§ § 404.1520, 416.920.

**III.　Discussion:**

Plaintiff raises the following issues in this matter: 1) Whether the ALJ considered Plaintiff's depression and anxiety; 2) Whether the ALJ erred in his credibility analysis; and 3) Whether the ALJ failed to fully and fairly develop the record. (Doc. 13).

**A.　Consideration of Plaintiff's Depression and Anxiety:**

Plaintiff argues that the ALJ failed to consider the impact of Plaintiff's non-severe and severe impairments. In his decision, the ALJ found that Plaintiff's medically determinable mental impairment of mood disorder did not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities and was therefore non-severe. (Tr. 15). The ALJ addressed the opinion of Dr. Catherine Adams, as well as the state agency medical physicians, in support of his finding. In addition, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 14). He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr. 14). The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 14). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the

4

severity of one of the listed impairments. (Tr. 17). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

### B. Credibility Analysis:

Plaintiff argues that the ALJ failed to conduct a proper credibility analysis. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, after considering the evidence, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible. (Tr. 21). The ALJ addressed Plaintiff's activities of daily living, noting that she could clean and cook with her only limitations due to pain; that she cared for her children and family cat with assistance from her boyfriend, his family and her mother; had no problems with personal care; swept daily, vacuumed, did laundry, and spent time with others on the phone or in person; attended social gatherings,

5

church, her children's school and doctor's appointments; and worked for several months after her onset date. (Tr. 16, 21). The ALJ also addressed Plaintiff's medical records, noting the results of the MRIs as well as the surgeries Plaintiff underwent. (Tr. 18-22). The ALJ noted that no physician placed any functional restrictions on Plaintiff's activities that would preclude work activity. (Tr. 21).

The Court also notes that during the relevant time period, Plaintiff was, on occasion, non-compliant with her medications. For example, on June 14, 2011, Plaintiff told her treating physician, Dr. Lance Faddis, that she was not taking several of her prescribed medications due to the expense of the prescriptions. (Tr. 409). However, there is no indication that Plaintiff made any effort to obtain discounted care or medications. In addition, Plaintiff failed to return to therapy at Alternative Opportunities, Inc. (Tr. 1042). Also, in spite of the urging of Plaintiff's physicians to quit, Plaintiff continued to smoke off and on during the relevant time period, which affects her credibility. (Tr. 377, 387, 396, 402). See Lewis v. Barnhart, 353 F.3d 642, 647 (8th Cir. 2003); Riggins v. Apfel, 177 F.3d 689, 693(8th Cir. 1999); Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997).

The Court finds there is substantial evidence to support the ALJ's credibility analysis.

**C.  RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Gilliam's v. Barnhart, 3 93 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).

6

The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *11 (N.D. Iowa Mar. 31, 2015)(quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

In his decision, the ALJ found that Plaintiff had the RFC to perform a full range of light work. (Tr. 18). In making this determination, the ALJ addressed the medical records, the opinions of the physicians, and Plaintiff's description of her limitations. He gave the opinions of non-examining physicians, Dr. Jim Takach and Dr. Bill Payne, great weight. (Tr. 22). He gave little probative weight to Plaintiff's testimony, noting that Plaintiff's ability to maintain her household, drive, shop, participate in social groups, work, hike and camp, in conjunction with the medical evidence demonstrating minimal abnormalities, reflected a "significant functional capacity and not an individual unable to sustain regular and continuing work due to medically determinable impairments." (Tr. 23).

The Court finds that there is substantial evidence to support the ALJ's RFC determination.

**D. Failure to Fully and Fairly Develop the Record:**

7

Plaintiff argues that the ALJ should have ordered a physical consultative examination to demonstrate what impact Plaintiff's severe impairments would have on her ability to work. "Plaintiff bears a heavy burden in showing the record has been inadequately developed." Chapman v. Colvin, No. 4:15-CV-00522-JLH-JJV, 2016 WL 2585652 at *4 (E.D. Ark. Apr. 11, 2016). The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." Mans v. Colvin, No. 13-CV-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014)(quoting Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994).

The ALJ had before him, inter alia: the medical records relating to Plaintiff's hysterectomy (Tr. 332); the results of an abdomen CT with intravenous contrast and Pelvic CT (Tr. 452); a MRI of her lumbar spine, which revealed bilateral pars intra-articularis defect

identified at the L5 level with anterolisthesis of L5 on S1 of approximately 16%, and associated disc bulge contributing to moderate narrowing of the neural foramina bilaterally at this level (Tr. 457-458); the results of a pelvic ultrasound (Tr. 468); the evaluation of Dr. Gannon R. Randolph, of Ozark Orthopaedics, wherein he diagnosed Plaintiff with Lumbar 5-S1 grade 1 spondylolisthesis with small disc herniation (Tr. 378); the records of the surgery performed by Dr. Randolph on November 28, 2011, which included a transforaminal lumbar interbody fusion, interbody cage placement L5-S1, nonsegmental instrumentation L5-S1 with pedicle screw instrumentation, bilateral posterolateral fusion, L5-S1, bone marrow aspiration from sacrum, left bilateral decompression of L5 nerve root, and spinal cord monitoring with (SSEP) and (EMG) (Tr. 500-501); the postoperative records (Tr. 384, 387-389-390, 508-510); the Physical RFC Assessment of non-examining physician, Dr. Bill F. Payne (Tr. 58); the November 20, 2012 records from NMC – Bentonville, when Plaintiff reported she fell in the stairwell, and the x-rays related thereto. (Tr. 1139-1152); the Physical RFC Assessment completed by non-examining physician, Dr. Jim Takach (Tr. 96); the January 4, 2013 Lumbar MRI, which revealed at the L4-L5 level there was minimal residual enterolisthesis and bilateral neural foraminal narrowing, and no significant abnormal enhancement (Tr. 1103); and Dr. R. Cannon's assessment, dated August 13, 2012. (Tr. 1392).

      The ALJ considered all of these records, as well as the records of Plaintiff's treating physicians. This, coupled with the Plaintiff's daily activities, and the fact that no restrictions were placed on Plaintiff by her treating physicians, other than she should not do any more "front somersaults" (Tr. 384), lead the Court to conclude that the ALJ had sufficient medical information before him to make a determination regarding Plaintiff's ability to function in the workplace.

### E. Hypothetical Question to the VE:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical questions the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff would be able to perform her past relevant work as a car rental clerk and bar tender. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 9th day of November, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE